FILED

E-filing

2011 OCT -3  P 3: 14

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

Cameron W. Carr (SBN 258884)
Legal Helpers, P.C.
260 California Street, Suite 801
San Francisco, CA 94111
Telephone:  866-339-1156
Fax: 415-986-1850
Email:  cwc@legalhelpers.com
*Attorney for Plaintiff*

ADR

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Kathi Jackson

      Plaintiff,

v.

Benchmark Recovery, Inc.

      Defendant.

Case No.: CV11-04885 PSG

COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT,
ROSENTHAL FAIR DEBT
COLLECTION PRACTICES ACT, AND
OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## PARTIES

1. Plaintiff is a natural person who resided in San Jose, CA at all times relevant to this action.

2. Defendant is a Washington corporation that maintained its principal place of business in Everett, WA at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*, ("RFDCPA") because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

5.  Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

6.  At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

7.  Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

8.  The principal source of Defendant's revenue is debt collection.

9.  Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. Defendant is a "debt collector" as defined by the RFDCPA, California Civil Code §1788.2(c).

11. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Bank of the West, which had been incurred for personal rather than commercial purposes.

12. This obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged debt arose from a "consumer credit transaction" as defined by the RFDCPA, California Civil Code §1788.2(e).

14. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

16. On or around May 24, 2011, Plaintiff's attorney faxed Defendant notice of Plaintiff's representation by an attorney with respect to the debt.

17. Despite Plaintiff's attorney's notice, Defendant telephoned Plaintiff again on or around May 26, May 27, May 31, and June 16, 2011.

18. During at least one of these communications, Defendant falsely represented that Defendant would file "papers" against Plaintiff if she failed to pay the debt.

19. Defendant caused Plaintiff emotional distress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

22. In support hereof, Plaintiff incorporates paragraphs 16-17 as if specifically stated herein.

## COUNT TWO

### Violation of the Rosenthal Fair Debt Collection Practices Act

23. In initiating communications with Plaintiff after being notified in writing by the Plaintiff's attorney of the attorney's representation, Defendant violated California Civil Code §§ 1788.14(c).

24. In support hereof, Plaintiff incorporates paragraphs 16-17 as if specifically stated herein.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

26. In support hereof, Plaintiff incorporates paragraphs 18 as if specifically stated herein.

## COUNT FOUR

**Violation of the Rosenthal Fair Debt Collection Practices Act**

27. In falsely representing that a legal proceeding has been is about to be, or will be instituted against unless payment of a consumer debt is paid, Defendant violated California Civil Code §§ 1788.13(j).

28. In support hereof, Plaintiff incorporates paragraphs 18 as if specifically stated herein.

**JURY DEMAND**

29. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment against Defendant for actual damages statutory damages, and reasonable attorneys' fees and costs pursuant to California Civil Code § 1788.30(c).

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:_____
Cameron W. Carr (SBN 258884)
260 California Street, Suite 801
San Francisco, CA 94111
Telephone: 866-339-1156
Fax: 415-986-1850
Email: cwc@legalhelpers.com
*Attorney for Plaintiff*

Complaint - 4